UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Rudell Williams, # 21405,<br><br>                       Plaintiff,<br><br>vs.<br><br>Lt. Charles B. Padget, *Saluda County Sheriff's Office*,<br><br>                       Defendant. | C/A No. 8:13-1850-JMC-JDA<br><br><br>Report and Recommendation |

## *Background*

Plaintiff is a pre-trial detainee at the Saluda County Detention Center who brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of the Fourth Amendment's prohibition against unreasonable seizures. (ECF No. 1 at 2, 4.) Plaintiff's exhibits in his other pending civil rights action (Civil Action No. 8:13-1812-JMC-JDA) reveal that he is awaiting trial on a charge of murder/attempted murder (Indictment No. 2012-GS-41-00263). Defendant is a Lieutenant with the Saluda County Sheriff's Office.

The "STATEMENT OF CLAIM" portion of the § 1983 Complaint reveals that this civil rights action arises out of what Plaintiff alleges to be a false affidavit filed by Defendant in connection with Plaintiff's arrest. Plaintiff contends Defendant falsely represented in his affidavit to obtain Plaintiff's arrest warrant that Plaintiff had in his possession on the night of his arrest "an AA Arms Tec-'9' m.m. Serial No. 053915." (ECF No. 1 at 3.) In the final paragraph of the "STATEMENT OF CLAIM" portion of the Complaint, Plaintiff writes:

> Lt. Charles B. Padget unlawfully falsified his statements against me about possession of a firearm. I'm still lock-up due to these false and fabricated lies and statements. Plaintiff's [*sic*] is now being wrongly detained and prosecuted. Also the arrest warrant was not supported by probable cause. All these charges are still pending in which they have no evidence or nothing to go on. This is False Imprisonment, and Abuse of Legal Process. Your prompt Attention to this matter is Greatly Appreciated.

(*Id.* at 4.) In his prayer for relief, Plaintiff states he seeks financial relief in the amount of five million dollars for lost wages, pain and suffering, false imprisonment, and mental stress. (*Id.* at 5.)

## *Discussion*

**Standard of Review for Pro Se Complaints**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*);

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any

> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

**The Complaint Fails to State a Claim Against Defendant Padget**

Although false arrest is a facially valid civil rights claim, *see Wallace v. Kato*, 549 U.S. 384 (2007), Plaintiff's claim for false arrest fails because Plaintiff states that he was arrested on the charge pursuant to an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (determining that when the arresting official makes the arrest with a facially valid warrant, it is not false arrest). Moreover, the issuance of the indictment in Case No. 2012-GS-41-00263 precludes Plaintiff's claim of false arrest because a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Gatter v. Zappile,* 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999) (collecting cases holding that a grand jury indictment is affirmative evidence of probable cause), *aff'd*, 225 F.3d 648 (3d Cir. 2000); *see also Provet v. South Carolina*, No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25,

4

2007) ("A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."). [2]

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 17, 2013
Greenville, South Carolina

---

[2] The Court also notes that Plaintiff seeks damages for mental stress, but under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), Plaintiff is not entitled to relief for emotional or mental stress. *Merriweather v. Reynolds*, 586 F. Supp. 2d at 558–59 (collecting cases).

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).